# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CALVIN ALLEN, SR, and MARIXIA MALDONADO, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 6:22-CV-03041-MDH |
| SETH A. GOMEZ, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is Defendants Springfield Police Department's, Chief of Police Paul Williams's, and Detective Kelly Patton's (collectively, "City of Springfield Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint. (Doc. 19). For the reasons set forth herein, the Motion is **GRANTED,** and all claims asserted against the City of Springfield Defendants are dismissed.

## BACKGROUND

Broadly speaking, Plaintiffs' 97-page First Amended Petition describes a series of events surrounding the murder of Calvin Allen Jr. on March 1, 2019. (See Doc. 14, ¶¶ 10-12). More specifically, Plaintiffs allege that non-moving Defendants Gomez, Simrin, Slobig, and Jordon began planning the murder of Calvin Allen Jr. on February 17, 2019. (Doc. 14, ¶ 199). Plaintiffs do not allege that any of the City of Springfield Defendants participated in that planning process. Plaintiffs allege that the planned murder was carried out by Defendant Gomez on March 1, 2019, in Room # 30 of the Ozark Inn. (Doc. 14, ¶ 204). Plaintiffs do not allege that any of the City of Springfield Defendants were present or otherwise participated in that murder.

1

Plaintiffs' allegations against the City of Springfield Defendants appear to be limited to the theory that Springfield Police Officers mishandled a 911 call at the hotel. Plaintiffs seem to allege that had Springfield Police Officers handled it differently, they may have been able to prevent the eventual murder of Calvin Allen Jr. Plaintiffs allege that Springfield Police Officers responded to the Ozark Inn following a 911 call placed by Bipin Patel, who was working at Ozark Inn at the time. (Doc. 14, ¶ 15). Plaintiffs allege that Defendant Patel then directed Springfield Police Officers to the "wrong room," namely Room #142 of the Ozark Inn. (Doc. 14, ¶ 17). Plaintiffs do not allege that Springfield Police Officers made a mistake in which room they examined in response to the 911 call. Rather, Plaintiffs allege that Defendant Patel directed Springfield Police Officers to Room #142, which they examined, and that Defendant Patel did not further direct them to Room #230, where the murder of Calvin Allen Jr. took place. (Doc. 14, ¶¶ 242-242a).

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

**DISCUSSION**

**A. Counts I-XIII (§ 1981 claims)**

Counts I though XIII of Plaintiffs' Amended Complaint each assert to be claims under 42 U.S.C. § 1981. "To prevail on a § 1981 claim, a plaintiff must show: '(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity, and (4) interference with that activity by the defendant." *Combs v. The Cordish Companies, Inc.,* 862 F.3d 671, 681 (8th Cir. 2017)(quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009)(en banc)). "While § 1981 prohibits racial discrimination in all phases and incidents of a contractual relationship, the statute does not provide a general cause of action for race discrimination." *Gregory* at 468 (internal quotations and citations omitted). "Any claim brought under § 1981, therefore, must initially identify and impaired contractual relationship under which the plaintiff has rights. *Id.* at 468-69 (internal quotation omitted).

Plaintiffs' have failed to state a claim under § 1981 against any of the City of Springfield Defendants because they have not identified any impaired contractual relationship. Plaintiffs have suggested general principles of law enforcement as a contractual relationship, citing specifically "breach of public contracts for safety and security" and "breach public contracts to protect and served." (Doc 8-1 at pp. 1) However, these broad principles of law enforcement do not create a recognized contractual relationship of any kind, let alone a contractual relationship cognizable under § 1981. "The term contract, as used in § 1981, refers to a right in the promisee against the promisor, with a correlative special duty in the promisor to the promisee of rendering the performance promised." *Adams v. McDougal,* 695 F.2d 104, 108 (5th Cir. 1983)(internal quotation omitted). Plaintiffs have not identified any existing or attempted contract between the City of

Springfield Defendants and Calvin Allen Jr., therefore they have failed to state a claim under § 1981.

Plaintiffs further fail to state a claim under § 1981 because they do not allege any facts that would indicate discriminatory intent on the part of any of the City of Springfield Defendants. Plaintiffs' primary allegation against the City of Springfield Defendants is that Springfield Police Officers checked the "wrong room" in response to a check person call at the hotel where Calvin Allen, Jr. was murdered. Plaintiffs specifically allege that Springfield Police Officers checked the room that they were led to by hotel staff. Plaintiffs do not allege that the City of Springfield Defendants intentionally examined the "wrong room" of the Ozark Inn based on discriminatory intent. Plaintiffs further do not allege the City of Springfield defendants had a discriminatory reason for not conducting a room by room search of the remainder of the hotel, despite no reports of criminal activity in any other room. Upon inspecting Room #142, Springfield Police Officers had no information regarding the race of the occupants of that room or any other room in the hotel. By failing to allege any possible basis for discriminatory intent, Plaintiffs fail to state a claim under § 1981.

Finally, freestanding § 1981 claims against state actors are not recognized. *Onyian v. St. Cloud University*, 5 F.4th 926, 929-30 (8th Cir. 2021). Rather, the exclusive remedy for violations of § 1981 by state actors is a claim under § 1983. *Id*. As more fully discussed below, the allegations regarding the City of Springfield Defendants do not meet the minimum threshold for liability under § 1983. In sum, all § 1981 claims against the City of Springfield Defendants contained in Counts I-XIII of the Amended Complaint are dismissed with prejudice.

**B. Count IX (§ 1983 claim)**

Plaintiffs fail to state a claim against the City of Springfield Defendants under § 1983. To state a claim for relief under § 1983, Plaintiffs must plead two essential elements, (1) that the conduct complained of was committed by a person acting under color of state law and (2) whether the conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Plaintiffs do not allege that any of the City of Springfield Defendants participated in the planning or act of the murder of Calvin Allen Jr. Plaintiffs likewise do not allege that any of the City of Springfield Defendants had prior knowledge of Defendant Seth Gomez's intent to murder Calvin Allen Jr. Instead, Plaintiffs' theory appears to be that if Springfield Police Officers had conducted a room by room search of the entire Ozark Inn after the 911 call that they may have discovered something that allowed them to prevent the murder of Calvin Allen Jr. (See Doc. 14, ¶ 282-282a).

Plaintiffs do not allege any basis to support a legal duty to perform such a wide-ranging search, nor do they identify any authority on which officers could have searched each guest room in the entire hotel. It is well established that individuals have a reasonable expectation of privacy in their hotel rooms. *U.S. v. Williams*, 521 F.3d 902, 906 (8th Cir. 2008); *U.S. v. Roby*, 122 F.3d 1120, 1125 (8th Cir. 1997). Plaintiffs have not alleged facts that would indicate Springfield Police Officers had probable cause of criminal activity in any room other than Room #142. Accordingly, officers had no basis to enter any other room of the hotel, or to apply for search warrants to do so. There is also no reason to believe, based on Plaintiffs' allegations, that such a search would have been fruitful. Plaintiffs specially allege that Defendants Simrin and Jordon were seen leaving the Ozark Inn prior to Springfield Police Officers arriving on scene (Doc. 14, ¶250). Because Plaintiffs do not allege sufficient facts to suggest that officers had legal authority or a legal obligation to

perform the search that Plaintiffs urge, their Petition fails to state a § 1983 claim against any City of Springfield Defendant.

City of Springfield Defendants argue that, even if one were to assume that the Springfield Police Officers on scene could have developed a legal basis to conduct a room-by-room search, their failure to do so would at most constitute an allegation of negligence. Plaintiffs use the term "negligence" multiple times in their First Amended Petition in reference to the City of Springfield Defendants (See e.g., Doc. 14, ¶¶ 22, 23, 102, 104, 141, 211, 282a, 290, 313, 315) As the Supreme Court has stated, "… the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." *County of Sacramento v. Lewis*, 523 U.S. 833, 849, 118 S.Ct. 1708, 1718, 140 L.Ed.2d 1043 (1998) (citing *Daniels v. Williams*, 474 U.S. 327, 331, 106 S.Ct. 662, 665, 88 L.Ed.2d 662 (1986)). The § 1983 claim against all City of Springfield Defendants in Count X of the Amended Complaint is dismissed with prejudice.

### C. Count X (§ 1985 claim)

Plaintiffs finally assert a conspiracy claim under 42 U.S.C. § 1985 in Count X of their Amended Petition. In order to establish a civil rights conspiracy, Plaintiffs must establish: "(1) the defendants conspired, (2) with the intent to deprive them, either directly or indirectly, of equal protection of the laws, or equal privileges and immunities under the laws, (3) an act in furtherance of the conspiracy, and (4) that they or their property were injured, or they were deprived of exercising any right or privilege of a citizen of the United States." *Barstad v. Murray County*, 420 F.3d 880, 887 (8th Cir. 2005). Plaintiffs have not alleged that any of the City of Springfield Defendants participated in any conspiracy to murder Calvin Allen Jr. "A conspiracy claim requires evidence of specific facts that show a 'meeting of minds' among conspirators." *Id.* Again, Plaintiffs

have not alleged any prior knowledge of a plan to murder Calvin Allen Jr. by any of the City of Springfield Defendants, and certainly not any agreement to participate in the murder. Plaintiffs have alleged that a group of individuals that did not include any of the City of Springfield Defendants plotted and carried out the murder of Calvin Allen Jr. (Doc. 14, ¶¶ 199-204).

Further undermining any allegations of a conspiracy involving any of the City of Springfield Defendants, Plaintiffs allege that other named defendants lied to Springfield Police Officers in an effort to cover up their own involvement in the murder of Calvin Allen Jr. (Doc. 14, ¶¶ 152, 153). Moreover, as Plaintiffs acknowledge in their First Amended Petition, following the Springfield Police Departments investigation of the murder, Defendant Seth Gomez was successfully prosecuted, convicted of murder in the first degree, and sentenced to life without the possibility of parole. (Doc. 14, ¶ 125). These allegations simply do not support the allegation that the City of Springfield Defendants were a part of any conspiracy related to the murder of Calvin Allen Jr. Accordingly, Plaintiffs' § 1985 claims contained in Count X in the Amended Complaint are dismissed with prejudice.

### D. Failure to supervise claim

In their First Amended Complaint, Plaintiffs make multiple references to the City of Springfield Defendants' duty to supervise other officers of the Springfield Police Department. (See e.g. Doc. 14 ¶ 20,). Under § 1983, a municipality cannot be held liable for the actions of its employees on a theory of respondeat superior. *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). "Moreover, it appears that the Supreme Court has held that a § 1983 action will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper

action." *Harris v. Pirch,* 677 F.2d 861, 685 (8th Cir. 1982)(citing *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976) and *Kostka v. Hogg*, 560 F.2d 37 (1st Cir.1977)).

A failure to supervise claim may be maintained only if Plaintiffs demonstrate deliberate indifference or tacit authorization of the offensive acts by failing to take remedial steps following notice of a pattern of such acts by subordinates. *Wilson v. City of North Little Rock*, 801 F.2d 316, 322 (8th Cir. 1986). Additionally, in the absence of an underlying constitutional violation by subordinate officers, a § 1983 claim for failure to supervise necessarily fails. *Morris v. Lanpher*, 563 F.3d 399, 403 (8th Cir. 2009). Plaintiffs' claims against each of the City of Springfield Defendants are predicated on a theory of failure to properly supervise the officers that responded to the 911 call and examined Room #142. As discussed above, Plaintiffs have not alleged that a constitutional violation occurred during the handling of that call. Any claims based on a failure to supervise theory against the City of Springfield Defendants are therefore dismissed with prejudice.

### E. Claims under the Federal Torts Act

Plaintiffs have requested to voluntarily dismiss their claims against the City of Springfield Defendants under the Federal Torts Claims Act, citing that the defendants are not employees of the United States Government. Indeed, the FTCA allows for suits against the United States for tortious conduct of federal employees, 28 U.S.C. §1346; 28 U.S.C. §2671. "A threshold requirement to establish jurisdiction under the FTCA is that the *federal employee* must have been acting within the scope of his employee when the tort was committed." *Johnson v. U.S.*, 534 F.3d 958, 963 (8th Cir. 2008)(emphasis added). Any claims against the City of Springfield Defendants in the Amended Complaint brought pursuant to the FTCA are dismissed with prejudice.

**CONCLUSION**

Based on the foregoing reasons, the City of Springfield Defendants' (Springfield Police Department, Paul Williams, and Kelly Patton) Motion to Dismiss (Doc. 19) is **GRANTED** in its entirety. All claims brought against the City of Springfield Defendants in Plaintiffs' Amended Complaint are hereby dismissed with prejudice.

**IT IS SO ORDERED.**

Dated: June 22, 2022                                    _/s/ Douglas Harpool_
                                                                  **DOUGLAS HARPOOL**
                                                                  **United States District Judge**