IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN ALLEN, SR, and MARIXIA MALDONADO, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. 6:22-CV-03041-MDH |
| SETH A. GOMEZ, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Bipin Patel's and Laxmi Enterprise, Inc.'s (collectively, "Moving Defendants") Motion to Dismiss Plaintiffs' Amended Complaint. (Doc. 21). For the reasons set forth herein, the Motion is **GRANTED**, and all claims brought against Moving Defendants in the Amended Complaint are dismissed.

## BACKGROUND

Plaintiffs Calvin Allen and Marixia Maldonado (collectively "Plaintiffs") invoke Missouri wrongful death statutes to assert claims against several defendants, including Bipin Patel ("Patel") and his company, Laxmi Enterprise, Inc., ("Laxmi")[1]. Calvin Allen, Jr., the son of the Plaintiffs, was killed at a hotel, Ozark Inn, in Springfield, due allegedly at least in part to his race. (Doc. 14 at 3). Ozark Inn was allegedly under the ownership and control of the Moving Defendants on March 1, 2019, when non-moving Defendant Seth Gomez[2] ("Gomez"), allegedly in conspiracy with his girlfriend, non-moving Defendant Rachel Slobig ("Slobig"), and friends, non-moving

---

[1] The hotel owned by Patel and Laxmi is referred to in Plaintiffs' Complaint as "d/b/a Ozark Inn". For the purposes of this motion, the Court refers to the hotel as the "Ozark Inn".

[2] Gomez was convicted of first-degree murder of Calvin Allen, Jr. in 2021. Plaintiffs allege throughout their Amended Complaint that Defendants Slobig, Simrin, Jordan, and Stoddard acted as co-conspirators to the murder. Claims against these non-moving defendants are not at issue in the instant motion.

1

Defendants Amanda Simrin ("Simrin"), Dominic Jordan ("Jordan"), and Baily Stoddard ("Stoddard"), murdered Allen, Jr. in hotel room #230. Doc. 14 at ¶¶ 3-5. Plaintiffs claim that Patel "after the murder called 911 reference policies for wellness 'check person' and to report seeing a weapon inside hotel room #142." *Id*. ¶ 6; *see also* ¶¶ 9, 13 (stating Patel directed officers to the "wrong room"), ¶ 16 (Patel reported guns seen, but not shots heard), 17, 19, 21. Plaintiffs apparently believe that Patel should have reported gunshots that they allege were heard, which may have saved Allen, Jr.'s life. *Id.* ¶ 7.

## STANDARD

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. *NEXTEP, LLC v. Kaba Benzing America, Inc.*, 2007 WL 4218977, *1 (E.D. Mo. 2007). When considering a 12(b)(6) motion, the factual allegations of a complaint are assumed true and are considered in the light most favorable to the plaintiff. *Id.* To avoid dismissal for failure to state a claim, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* This statement requires that the plaintiff give the defendant facts sufficient to give fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Id.* The court may dismiss the complaint when it is clear that no relief can be granted under any set of facts that could be proved consistent with the complaint. *See id.*

## DISCUSSION

### A. § 1981 claims

The only federal claim Plaintiffs assert against the Moving Defendants is a claim under 42 U.S.C. § 1981. "To prevail on a § 1981 claim, a plaintiff must show: '(1) membership in a protected class, (2) discriminatory intent on the part of the defendant, (3) engagement in a protected activity,

2

and (4) interference with that activity by the defendant." *Combs v. The Cordish Companies, Inc.*, 862 F.3d 671, 681 (8th Cir. 2017)(quoting *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 469 (8th Cir. 2009)(en banc)). "While § 1981 prohibits racial discrimination in all phases and incidents of a contractual relationship, the statute does not provide a general cause of action for race discrimination." *Gregory* at 468 (internal quotations and citations omitted). "Any claim brought under § 1981, therefore, must initially identify and impaired contractual relationship under which the plaintiff has rights. *Id.* at 468-69 (internal quotation omitted).

Counts III, IX, and X are expressly directed against the Moving Defendants (as well as other defendants), though Defendant Patel's actions are referenced throughout the Amended Complaint. All comprehensible claims against Moving Defendants are brought pursuant to § 1981. Paragraph 78 alleges that "Patel, d/b/a/, Ozark Inn on March 1, 2019…in operating, controlling, and managing the Hotel, owed a duty to exercise reasonable and ordinary care to make its business premises safe…" *See also* ¶¶ 81-82. The Moving Defendants were allegedly negligent in several respects, at least in part because of "prior criminal conduct on or near its premises." Plaintiff also allege that Moving Defendants were negligent in handling a 911 phone call and directed responding officers to the wrong hotel room. ¶ 304.

The second element of a § 1981 claim is not sufficiently alleged by Plaintiffs in any claim against the Moving Defendants. "[D]iscriminatory intent on the part of the defendant[s]," is simply not alleged in Plaintiffs' Complaint. Plaintiffs have alleged, at most, negligence, and "a plaintiff pursuing a claimed violation of § 1981…must show that the discrimination was intentional." *Patterson v. Cty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Plaintiffs specifically allege how non-moving Defendant Gomez referred to Allen, Jr., stating "got that nigga up there with my woman that shot me," ¶ 3, but there are no similar allegations regarding any evidence that Patel or

any employee working at the hotel treated or thought of Allen, Jr., any differently due to race, or was even conscious of the race of anyone in the hotel room where he was murdered. Plaintiffs assert that Moving Defendants were negligent or complicit with respect to the murder of Calvin Allen, Jr., but there is simply no allegation that Moving Defendants acted with any discriminatory intent at any time. The Plaintiffs' allegations fail to "raise a right to relief above a speculative level," *Schaaf*, 517 F.3d at 549. Accordingly, Plaintiffs have failed to satisfy the "discriminatory intent" element of a § 1981 claim and therefore failed to state a claim under § 1981. All federal law claims asserted against the Moving Defendants in the Amended Complaint are dismissed with prejudice.

### B. State law negligence claim

Plaintiffs' remaining claims against Moving Defendants are based on Missouri state law negligence. Plaintiff seeks to invoke this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1367 with respect to these state law negligence claims. There is no question this Court has federal question jurisdiction over Plaintiffs' § 1981 claim against the moving Defendants. *See* § 1331. Supplemental jurisdiction, codified in 28 U.S.C. § 1367, gives this Court jurisdiction to address state "claims that are so related to claims in the action within [federal question] jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." But a district court "may decline to exercise supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." § 1367(c).

Here, the Court has dismissed Plaintiff's claims against the Moving Defendants brought pursuant to § 1981. "When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. District of Columbia*, 138 S. Ct. 594, 597-98 (2018) (*citing* § 1367(c)(3)). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law negligence claims against the Moving Defendants. All state law negligence claims asserted against the Moving Defendants are dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Defendants Bipin Patel's and Laxmi, Enterprise, Inc.'s Motion to Dismiss (Doc. 21) is **GRANTED** in its entirety. All claims asserted against Defendants Patel and Laxmi contained in the Amended Complaint are hereby dismissed. The federal claims asserted are dismissed with prejudice. The state law claims are dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: June 22, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**