IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN ALLEN, SR., and  <br>MARIXIA MALDONADO, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 6:22-cv-03041-MDH<br>) |
| SETH GOMEZ, et al., | )<br>) |
| Defendants. | ) |

## ORDER

Before the Court are three motions from pro se Plaintiff Calvin Allen Sr. and Plaintiff Marixia Maldonado ("Plaintiffs"). Plaintiffs titled their three motions ("Plaintiffs' Motions") as follows: "Motion Leaved to Filed Interlocutory Appeal of District Court Orders of Dismissal Entered on June 22, 2022 to Eighth Circuit Court of Appeals" (Doc. 45); "First Amended Motion Leaved to Filed Interlocutory Appeal of District Court Orders of Dismissal Entered on June 22, 2022, and Judgement on July 19, 2022, to Eighth Circuit Court of Appeals" (Doc. 55); and "Motion of Plaintiffs Requesting Voluntary Dismissal Defendants for Cause to Render Final Judgment" (Doc. 56). No defendant responded to any of Plaintiffs' three motions. Plaintiffs also filed notice of appeal to the Eighth Circuit Court of Appeals, which dismissed Plaintiffs' appeal for lack of jurisdiction. (Doc. 52). The Eighth Circuit issued its mandate September 22, 2022, returning jurisdiction back to this Court. (Doc. 58). Plaintiffs' Motions are ripe for review. For reasons herein, Plaintiffs' Motions are **DENIED**.

1

## BACKGROUND

Plaintiffs' 97-page First Amended Petition describes a series of events surrounding the death of Calvin Allen Jr. on March 1, 2019. (See Doc. 14, ¶¶ 10-12). Calvin Allen, Jr., Plaintiffs' son, was killed at Ozark Inn, a Springfield, Missouri hotel. (Doc. 14 at 3). Calvin Allen, Jr., was killed allegedly due in part to his race. (Doc. 14 at 3). Plaintiffs allege multiple federal and state law violations against eleven defendants. (Doc. 14). Plaintiffs allege Defendants Gomez, Simrin, Slobig, and Jordon began planning the murder of Calvin Allen Jr. on February 17, 2019. (Doc. 14, ¶ 199). Plaintiffs allege Defendant Gomez carried out the homicide[1]. (Doc. 14, ¶ 204). Plaintiffs allege Springfield Police Officers mishandled a 911 call in responding to the hotel. Plaintiffs also listed as defendants Laxi Enterprises Inc. and Bipin Patel, who Plaintiffs allege owned the hotel where Plaintiffs' son was killed. (Doc. 14 at ¶¶ 3-5). In June 2022, this Court dismissed from this action Springfield Police Department, Paul Williams, Kelly Patton, Bipin Patel, and Laxmi Enterprise, Inc. pursuant to 12(b)(6) Motions to Dismiss. (Doc. 40 and Doc. 41). Plaintiffs then filed notice of appeal, which the Eighth Circuit denied for lack of jurisdiction. (Doc. 52).

## DISCUSSION

Specific requests in Plaintiffs' Motions remain unclear. It appears, however, Plaintiffs' first two Motions (Doc. 45 and Doc. 55) ask this Court to expressly determine no just reason for delay of a final judgment exists. Plaintiff's third motion (Doc. 56) more clearly requests this Court dismiss Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig, rendering prior judgments final, thereby granting jurisdiction to the Court of Appeals. Plaintiffs' third motion specifically requests

---

[1] Gomez was convicted of first-degree murder of Calvin Allen, Jr. in 2021.

dismissal without prejudice, so to allow Plaintiffs to later reassert claims against Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig. (Doc. 56 at 1). By law, United States Courts of Appeals have jurisdiction over District Courts' final decisions. 28 U.S.C.A. § 1291. When plaintiffs sue multiple defendants, no final decision is reached until the District Court enters "a judgment adjudicating *all* the claims and *all* the parties' rights and liabilities." Fed. R. Civ. Pro. 54(b) (emphasis added). An exception to this rule exists when a District Court expressly determines there is no just reason for delay. Fed. R. Civ. Pro. 54(b); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Further, the Court may dismiss a party only "on just terms." Fed. R. Civ. Pro. 21; *Strandlund v. Hawley*, 532 F.3d 741, 745 (8th Cir. 2008).

Plaintiffs have failed to articulate how dismissal without prejudice of Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig constitutes justice. This is especially true, provided Plaintiffs' intent to reassert any claims against Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig following conclusion of any appeal of this Court's prior orders. (Doc. 56 at 1). Plaintiffs' intent to reassert claims would pose significant prejudice to Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig, especially given Defendant Jordon represents himself pro se and Defendant Gomez remains confined with the Missouri Department of Corrections. Plaintiffs have failed to articulate how they would be prejudiced by pursuing appeal following a final judgement from this Court as to all defendants and all counts. Should Plaintiffs amend their request for voluntary dismissal with prejudice of Defendants Gomez, Simrin, Stoddard, Jordon, and Slobig, this Court would entertain that motion.

## **CONCLUSION**

For Foregoing reasons, Plaintiffs' Motions (Doc. 45, Doc. 55, and Doc. 56) are **DENIED**.

**IT IS SO ORDERED.**

Dated: November 8, 2022

                                                */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **United States District Judge**