**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CALVIN ALLEN, SR., and** | ) | |
| **MARIXIA MALDONADO,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:22-cv-03041-MDH** |
| | ) | |
| **SETH GOMEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court are Pro Se Plaintiffs' Motions for Default Judgment against Defendants Rachel Slobig, Bailey Stoddard, and Amanda Simrin. (Docs. 74, 75, 76). Plaintiffs argue that Defendants Slobig, Bailey, and Simrin were properly served with Plaintiffs Amended Complaint. Plaintiffs' Motions include certificates of service showing Defendants Slobig, Bailey, and Simrin were served May 11, 2022. (Docs. 74-1 at 1-2, 75-1 at 1-2, and 76-1 at 1-2). The record lacks evidence of any response to Plaintiffs' Amended Complaint (Doc. 14) from Defendants Rachel Slobig, Bailey Stoddard, and Amanda Simrin.

"[An] entry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)." *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998) (citations omitted). "A default judgment cannot be entered until the amount of damages has been ascertained." *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000). Plaintiffs must prove damages by a preponderance of the evidence. *Whitesell Int'l Corp. v. Smith Jones, Inc.,* 827 F. Supp. 2d 964, 967 (S.D. Iowa 2011) (citing *Everyday Learning Corp. v. Larson,* 242 F.3d 815, 818 (8th Cir.2001). "Once the amount of damages has been established, the court

may enter judgment pursuant to the rule." *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

Here, the Clerk has filed entries of default against Defendants Rachel Slobig, Bailey Stoddard, and Amanda Simrin. (Docs. 79, 80, 81). Plaintiffs appear to request total damages in the amount of $50,940,500.00. (Doc. 75-1 at 17-19). Plaintiffs argue this represents a variety of types of damages including physical pain and suffering, punitive damages, and compensatory damages. Plaintiffs, however, offer no documentary evidence establishing a factual basis for any amount of damages alleged.

Because Plaintiffs have failed to establish the amount of damages owed with sufficient evidence, Plaintiffs' Motions are **DENIED** without prejudice. Plaintiffs are **ORDERED** to re-assert their Motions for Default Judgment against Defendants Slobig, Bailey, and Simrin no later than March 31, 2023, if Plaintiffs desire to re-assert the Motions for Default Judgment at all. Any subsequent Motion for Default Judgment must include adequate documentary evidence establishing a factual basis for damages alleged, or, in the alternative, Plaintiffs may request a hearing on the issue of damages.

**IT IS SO ORDERED.**

Dated: February 23, 2023                                     */s/ Douglas Harpool*
                                                             **DOUGLAS HARPOOL**
                                                             **United States District Judge**