IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CALVIN ALLEN, SR., and<br>MARIXIA MALDONADO,<br><br>    Plaintiffs,<br><br>vs.<br><br>SETH GOMEZ, et al.,<br><br>    Defendants. | Case No. 6:22-cv-03041-MDH |

**ORDER**

On August 3, 2023, this Court held a hearing pursuant to *Pro Se* Plaintiffs' Motions for Hearing as to Default Judgments for Defendants Slobig, Simrin, and Stoddard. (Docs. 96, 101). Plaintiffs filed their Amended Complaint April 18, 2022, alleging ten counts of various federal and Missouri state-level causes of action. Each of Plaintiffs' ten counts cites 42 U.S.C. §§ 1981, 1983, 1985; the federal tort claims act; and Missouri's wrongful death statute, all arising from the death of their son. Plaintiffs listed as defendants Seth Gomez, Bipin Patel, Ozark Inn, Chief Paul Williams of the Springfield Police Department, Detective Kelly Patton of the Springfield Police Department, the Springfield Police Department, Rachel Slobig, Dominic Jordon, Baily Stoddard, and Amanda Simrin. The incident underlying Plaintiffs' claims involves the homicide of Plaintiffs' son, Calvin Allen Jr., at a hotel in Springfield, Missouri during March 2019.[1] This Court previously dismissed from this action Defendants Springfield Police Department, Patton, and Kelly, as well

---

[1] Defendant Gomez was convicted of first-degree murder in the death of Calvin Allen Jr. in Missouri state court.

1

as Defendants Patel and Ozark Inn. (Docs. 40, 41). The Court also dismissed Defendant Gomez. (Doc. 78).

Plaintiffs' ninety-seven-page complaint fails to sufficiently allege any named defendant, other that Defendants Kelly, Patton, and Springfield Police Department, acted under the color of state law or otherwise on behalf of the state at the time of the events giving rise to Plaintiffs' claims. At the August 3, 2023 hearing, Plaintiff Allen acknowledged the remaining defendants, Slobig, Simrin, Stoddard, and Jordon, are private individuals rather than state actors. Defendants Slobig, Simrin, Stoddard, and Jordon were not employed by or otherwise working with or on behalf of state or federal law enforcement agencies at the time of Allen's homicide.

Unless a defendant is working under color of state law or otherwise acts as a state actor, claims brought under 42 U.S.C. §§ 1981, 1983, and 1985 fail as a matter of law. *See, e.g., Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004) (allegations under §1981 require that defendants were acting under color of state law); *Roe v. Humke*, 128 F.3d 1213, 1215 (8th Cir. 1997) (§1983 claim fails as matter of law if defendant not acting under color of state law); *Federer v. Gephardt*, 363 F.3d 754, 758 (8th Cir. 2004) (claim under §1985(3) requires state involvement or that the aim of the conspiracy somehow benefits the state itself). Similarly, claims under the Federal Torts Claim Act must list as a defendant federal government employees. *United States v. Orleans*, 425 U.S. 807, 813 (1976).

To the extent Plaintiffs intend to allege violations of §§ 1981, 1983, and 1985 or the Federal Tort Claims Act against Defendants Slobig, Simrin, Stoddard, or Jordon, these claims fail as a matter of law. This is because Plaintiffs' allegations and admissions make clear that these defendants were not acting under color of state law or otherwise on behalf of the state, nor were

they employees of the federal government, at the time of the events giving rise to Plaintiffs' Amended Complaint. Rather, they were all private individuals. This finding disposes of all federal claims alleged in Plaintiffs' Amended Complaint.

At the August 3, 2023 hearing, Plaintiff Allen made this Court aware for the first time of a related state-level case in Greene County Circuit Court under cause 1931-CC00739. Upon review of state-court records, this Court learned that on March 3, 2023 Plaintiffs obtained default judgments against Defendants Gomez for wrongful death and battery, and against Defendants Simrin, Jordon, and Stoddard for wrongful death of their son in the total amount of $40,400,000.00. To the extent Plaintiffs seek in the present matter wrongful death default judgments against Defendants Gomez, Simrin, Jordon, and Stoddard, res judicata would appear to preclude any such disposition. *See State ex rel. Gen. Credit Acceptance Co., LLC v. Vincent*, 570 S.W.3d 42, n6 (Mo. 2019) ("Res judicata applies to final judgments entered by default."). Plaintiffs would not be entitled in both federal and state court to judgments against the same defendants in the death of their son.

In any event, to the extent any state-level claims remain after the state court judgment, this Court declines to entertain such claims. A district court "may decline to exercise supplemental jurisdiction over a claim" if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Accordingly, any remaining state-level claims are **DISMISSED** without prejudice for lack of jurisdiction.

## CONCLUSION

All federal claims brought against Defendants Simrin, Jordon, Stoddard, and Slobig are dismissed for failure to state a claim. Any remaining state-level claims are dismissed for lack of jurisdiction. This order renders **MOOT** all pending matters in this case.

**IT IS SO ORDERED.**

Dated: August 7, 2023                                             */s/ Douglas Harpool*

**DOUGLAS HARPOOL**
**United States District Judge**